NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RAMONITA GONZALEZ, | |
| Plaintiff, | Civ. No. 04-3001 (GEB) |
| v. | **MEMORANDUM OPINION** |
| PROBATION ASSOCIATION OF NEW JERSEY, *et al.*, | |
| Defendants. | |

**BROWN, Chief Judge**

This matter comes before the Court upon defendants' motion to dismiss plaintiff's Second Amended Complaint. The Court, having considered the parties' submissions, and having decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, will grant defendants' motion to dismiss the Second Amended Complaint.

**I. BACKGROUND**

Plaintiff Ramonita Gonzalez ("Plaintiff"), a Hispanic female, is employed by the State of New Jersey as a probation officer in the Passaic County Probation Office. On or about March 31, 2003, Plaintiff was charged by her employer with a Preliminary Notice of Disciplinary Action that alleged conduct constituting a major disciplinary charge that could result in termination of her employment. Pursuant to the labor agreement negotiated by Probation Association of New Jersey, Plaintiff's labor union ("PANJ"), Plaintiff was entitled to be represented by PANJ at her

disciplinary hearing, but alleges that the defendants PANJ, George P. Christie and Peter Tortoreto, two of its officers (all defendants referred to collectively as "Defendants"), discriminated against her by failing to adequately represent her at any stage of the disciplinary process while allegedly providing adequate representation to similarly situated white male members of PANJ.

On February 2, 2006, following a hearing and Plaintiff's subsequent appeal, the disciplinary charge against Plaintiff was resolved pursuant to settlement wherein Plaintiff admitted her misconduct and was put on a 131-day suspension. On March 1, 2006, Plaintiff filed her Second Amended Complaint against Defendants, alleging counts of discrimination under Title VII of the United States Code and the New Jersey Law Against Discrimination, and counts of breach of fiduciary duty, infliction of emotional distress, and negligence under common law. On March 24, 2006, in lieu of filing an Answer, Defendants filed the instant motion to dismiss Plaintiff's Second Amended Complaint.

**II. DISCUSSION**

   A.  <u>Standard for a Motion to Dismiss</u>

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. <u>Oran v. Stafford</u>, 226 F.3d 275, 279 (3d Cir. 2000); <u>Langford v. City of Atlantic City</u>, 235 F.3d 845, 850 (3d Cir. 2000); <u>Bartholomew v. Fischl</u>, 782 F.2d 1148, 1152 (3d Cir. 1986). The Court may not dismiss a complaint unless plaintiff can prove no set of facts that would entitle him to relief. <u>Conley v.

Gibson, 355 U.S. 41, 45-46 (1957); Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir.), cert. denied, 474 U.S. 935 (1985).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Under Rule 12(b)(6), the Court must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff.  [The motion can be granted] only if no relief could be granted under any set of facts that could be proved."  Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)(citing Unger v. Nat'l Residents Matching Program, 928 F.2d 1392, 1394-95 (3d Cir. 1991)); see also Langford, 235 F.3d at 850; Dykes v. Southeastern Pa. Transp. Auth., 68 F.3d 1564, 1565 n.1 (3d Cir. 1995), cert. denied, 517 U.S. 1142 (1996); Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  A complaint may be dismissed for failure to state a claim where it appears beyond any doubt "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citation omitted).

A complaint should not be dismissed unless it appears beyond doubt that "the facts alleged in the complaint, even if true, fail to support the . . . claim . . . ."  Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).  Legal conclusions made in the guise of factual allegations, however, are given no presumption of truthfulness.  Papasan v. Allain, 478 U.S. 265, 286 (1986)(citation omitted); see also Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (stating that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss.")(citations omitted)).

B. <u>Plaintiff Did Not Exhaust Her Internal Union Remedies</u>

Defendants moved to dismiss Plaintiff's Second Amended Complaint due to Plaintiff's failure to exhaust her internal union remedies before filing this action and further alleging that the Court lacks subject matter jurisdiction over the Second Amended Complaint due to that failure. Addressing Defendants' second point first, the Court notes that Defendants are correct in that "it is a 'basic tenet' of administrative law that a plaintiff should timely exhaust all administrative remedies before seeking judicial relief;" however, "[f]ailure to exhaust is 'in the nature of statutes of limitation' and 'do[es] not affect the District Court's subject matter jurisdiction.'" <u>Anjelino v. New York Times Co.</u>, 200 F.3d 73, 87 (3d Cir. 1999)(citations omitted). Therefore, Defendants' motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is denied.

Addressing Defendants' motion to dismiss under Rule 12(b)(6), the Court notes that in <u>Anjelino</u> the Third Circuit affirmed the dismissal of Title VII and NJLAD claims against the union and union officials for failure to exhaust the union's internal grievance procedures before filing administrative charges with the EEOC and the civil action. <u>See</u> <u>Anjelino</u>, 200 F.3d at 96. This holding has consistently been applied by the Third Circuit for claims against unions alleging breach of the duty of fair representation. <u>See</u> <u>Bullock v. Dressel</u>, 435 F.3d 294, 299 (3d Cir. 2006)(citing <u>Goclowski v. Penn Cent. Transp. Co.</u>, 571 F.2d 747, 757 (3d Cir. 1977)).

New Jersey courts have similarly followed the doctrine of the exhaustion of internal remedies as a condition precedent to filing suit. <u>See</u> <u>Jorgensen v. Pennsylvania R.R. Co.</u>, 25 N.J. 541, 556 (1958)(citing <u>Ward v. Keenan</u>, 3 N.J. 298 (1949)); <u>see</u> <u>also</u> <u>Fregara v. Jet Aviation Bus. Jets</u>, 764 F. Supp. 940, 951 (D.N.J. 1991)(listing various applications of the doctrine). "The rule

4

has been applied to members of labor unions or other voluntary organizations seeking reinstatement or damages from the organization, where there has been no showing that resort to the internal remedies provided for in the constitution or by-laws of the organization would be futile, illusory, or vain." Fregara, 764 F. Supp. at 951 (citing Jorgensen, 25 N.J. at 556). Although the rule is subject to several exceptions in New Jersey, Plaintiff has made no showing of any facts that would make any of the exceptions applicable here. See Jorgensen. 25 N.J. at 558.

Plaintiff asserts that she exhausted her administrative remedies by filing an administrative complaint with the EEOC. (See Complaint at ¶ 25.) However, Plaintiff makes no mention of exhausting her internal remedies concerning her claims against Defendants as provided by PANJ's constitution and by-laws. Accordingly, the Court finds that Plaintiff did not exhaust her internal remedies before filing her Complaint in this Court and therefore Defendants' motion to dismiss is granted.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Second Amended Complaint is granted with prejudice. An appropriate form of order is filed herewith.

Dated: June 1, 2006

                                                  s/ Garrett E. Brown, Jr.
                                                  GARRETT E. BROWN, JR., U.S.D.J.